David W. Wilson, K66474
<small>Name and Prisoner Booking Number</small>

California Substance Abuse Treatment Facility
<small>Place of Confinement</small>

B1-9-2L, P.O. Box 5248
<small>Mailing Address</small>

Corcoran, California 93212-5248
<small>City, State, Zip Code</small>

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

**Mar 08, 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON                              )
<small>(Full Name of Plaintiff)</small>              )
                        Plaintiff,           )
                                             )
            v.                               )  CASE NO. __1:22-cv-00278-SAB (PC)__
                                             )          (To be supplied by the Clerk)
(1) GABINO MERCADO, Correctional Officer     )
<small>(Full Name of Defendant)</small>              )
    CALIFORNIA SUBSTANCE ABUSE TREATMENT     )
(2) FACILITY                                 )
                                             )  CIVIL RIGHTS COMPLAINT
(3) B.DAVIS, Correctional Officer            )       BY A PRISONER
                                             )
(4) A.RENTERIA, Correctional Officer         )  ☒Original Complaint
                        Defendant(s).        )  ☐First Amended Complaint
<small>Check if there are additional Defendants and attach page 1-A listing them</small> )  ☐Second Amended Complaint

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   - ☐ Other: _____

2. Institution/city where violation occurred: California Substance Abuse Treatement Facility .

## B. DEFENDANTS

1. Name of first Defendant: GABINO MERCADO _____. The first Defendant is employed as:
   Correctional Officer _____ at California Substance Abuse Treatment Fac.
   (Position and Title)                                    (Institution)

2. Name of second Defendant: CA SUBSTANCE ABUSE TREAT. FAC The second Defendant is employed as:
   Publice Entity _____ at California Prison System at Corcoran CA
   (Position and Title)                                    (Institution)

3. Name of third Defendant: B. DAVIS _____. The third Defendant is employed as:
   Correctional Officer _____ at California Substance Abuse Treatment Fac.
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: A. RENTERIA _____. The fourth Defendant is employed as:
   Correctional Officer _____ at California Substance Abuse Treatment Fac.
   (Position and Title)                                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.
Additional Defendants Additional Sheet->>

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?      [X] Yes      [ ] No

2. If yes, how many lawsuits have you filed? _51_. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: DAVID W. WILSON          v. SUSAN E. MARINI
      2. Court and case number: U.S. CENTRAL DISTRICT, No. cv-02-03721-JVA
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Dismissed, Appelaed,
      Not pending.

   b. Second prior lawsuit:
      1. Parties: DAVID W. WILSON          v. JAMES TILTON
      2. Court and case number: U.S. EASTERN DISTRICT, No. 2:07-cv-02183-WBS-DAD.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Dismissed to Refile
      to include Appliances. Not appealed.

   c. Third prior lawsuit:
      1. Parties: DAVID W. WILSON          v. JAMES TILTON
      2. Court and case number: U.S. EASTERN DISTRICT, No. civ-07-GED-DAD
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Dismissed, Appealed,
      Not pending.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

B. DEFENDANTS

Additional Defendants

5.  Name of fifth Defendant: D.GOBEL _____ . The fifth Defendant is employed as:
    Correctional Officer _____ at California Substance Abuse Treatment Fac.
                (Position and Title)

6.  Name of sixth Defendant: A.PALAFOX _____
    Sergeant _____ . The sixth Defendant is employed as:
                (Position and Title) at California Substance Abuse Treatment Fac.

7.  Name of seventh Defendant: G.BEARD _____
    Sergeant _____ . The seventh Defendant is employed as:
    at California Substance Abuse Treatment Fac.

8.  Name of eighth Defendant: B.TAYLOR _____
    Sergeant _____ . The eighth Defendant is employed as:
                (Position and Title) at California Substance Abuse Treatment Fac.

9.  Name of ninth Defendant: E.WILLIAMS _____
    Lieutenant _____ . The ninth Defendant is employed as:
                (Position and Title) at California Substance Abuse Treatment Fac.

10. Name of tenth Defendant: S.SMITH _____
    Associate Warden _____ . The tenth Defendant is employed as:
                (Position and Title) at California Substance Abuse Treatment Fac.

11. Name of eleventh Defendant: S.MARSH _____
    Associate Warden _____ . The eleventh Defendant is employed as:
                (Position and Title) at California Substance Abuse Treatment Fac.

12. Name of twelfth Defendant: E.SILVA _____
    Associate Warden (A)cting _____ . The twelfth Defendant is employed as:
                (Position and Title) at California Substance Abuse Treatment Fac.

13. Name of thirteenth Defendant: M.HACKER _____
    Chief Deputy Warden _____ . The thirdteenth Defendant is employed as:
                (Position and Title) at California Substance Abuse Treatment Fac.

14. Name of fourteenth Defendant: THERESA CISNEROUS. The fourteenth Denfendant is employed as:
    Chief Deputy Warden _____ at California Substance Abuse Treatment Fac.
                (Position and Title)

15. Name of fifteenth Defendant: A.SHAW _____
    Appeals Coordinator _____ . The fifteenth Defendant is employed as:
                (Position and Title) at California Substance Abuse Treatment Fac.

16. Name of sixteenth Defendant: J.ZAMORA _____
    Appeals Coordiantor/Counselor II _____ . The sixteenth Denfendant is employed as:
                (Position and Title) at California Substance Abuse Treatment Fac.

17. Name of seventeenth Defendant: CA DEPT. CORRECTIONS AND REHAB. The seventeenth Defendant
                                                          is employed as:
    Public Entity for State of California at Sacramento California
                (Position and Title)

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: cruel and unusual punishment deliberate indifference to Lights Sensory Deprivation for Eighth Amendment violation .

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☒ Other: Inadequate Shelter .

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   2/4/2020 C/O Mercado works Bldg. 1, B-Fac. & Leaves on DayRoom's 3 Sections 4 DOME Stadium Lights to 12:00 am & prior Off 10:00, & prisoners use Clothing 2 ft by head Blocking Out & 2 Dorm Pod **Lights on 24 Hours.** 2/5/20 filed COMPLAINT on C/O Mercado, & 1st Level Sgt. & A.W's denied, & Memo for Cells, & 5/25/20 2nd Level **Responds Inquiry only,** & CDW (A) cites C/O Renteria who participated in Sensory Deprivation with C/O's B.Davis, & Gobel, & to Target African Americans/Blacks with C/O Mercado snatching Clothing to Confront., & 3rd Level denied.
   2/23/2020 filed Group appeal **Lights OFF 10:00 pm to 6:00 am,** & Remove C/O Mercado, & 1st Level Sgt. for A.W. denied, & 2nd Level 6/23/2020 P.GRANTED, **Light Schedule Not followed,** & lighting is Not **sufficient to allow inmates to sleep without disruption.** Lights will be turned off upon dayroom recall, & 11/28/2021 3rd Level Decision. **2nd Level is 3rd Level Response.**
   7/2/2020 C/O Mercado in reprisal Shines Flash-Light in my Eyes, & I filed COMPLAINT, & 8/31/2020 2nd Level Lt. disapproved for CDW, & 3/15/2021 3rd Level Responds their TIME EXPIRED.
   9/12/2020 C/O Mercado had wrote Disciplinary Chrono in reprisal & Fabricated for Complaints & 10/8/2020 I filed appeal for Vacated Chrono, & 11/18/2020 2nd Level Office Of Appeals, A. Shaw, & J.Zamora Disapprove for CDW, S.Smith for coordinated effort allowing Sensory Deprived & 3rd Level denied 6/29/2021 TIME EXPIRED & had **request** CDCR Secretary 2/28/2021 of above. .

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Disciplinary Chrono was mention in Board of Prison Term review 11/16/2021 & denied Parole. Advanced Glaucoma has gotten worst, & Sleep deprived has effected GED School where I fall aSleep from Sleep Deprivation. No Sleep has caused weight gain, & psychological problems .

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?     ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?     ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## CLAIM II

1. State the constitutional or other federal civil right that was violated: First Amendment retaliations to deny court access & chill grievances, & delayed grievance denying First Amendment.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each** Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

For filing grievance against C/O Mercado 2/4/2020 & 3rd Level withheld 15 months before Review sent 6/4/2020 & Review 9/15/2021, denying CCR 3084.8(c)(3). 60 working days. C/O Mercado continued to TARGET plaintiff & other African Americans/Blacks by Snatching Clothing [I]tems & Not done to Mexican/Hispinic's, & Mercado took retaliation against Plaintiff for 602 appeal.
2/23/2020 plaintiff's Group Class 602 appeal for Lights OFF 10:00 pm to 6:00 am, C/O Mercado took retaliation to 3 pages of Signatures for Rule Violations & Chrono's for 602 request his Removal, & received 2nd Level Response 6/23/2020, & sent 3rd Level 6/28/2020, & C/O Mercado continued to Harass Group & 3rd Level Decision 11/1/2021, 17 months pass 60 working days CCR 3084.8(c)(3) for Delayed First Amendment court access. 7/2/2020 C/O Mercado used Flash-Light to Shine-in my Eyes as retaliation, & 8/31/2020, I filed COMPLAINT for & 2nd Level Disapproved & 9/1/2020 sent 3rd Level & Response 3/15/2021, 3 months pass CCR 3084.8(c)(3). 60 working days. This allowed C/O Mercado to continue to TARGET plaintiff & Others on Group grievance.
9/12/2020 C/O Mercado wrote FALSE Disciplinary Chrono plaintiff was blocking his view. Done in retaliation to STAFF COMPLAINT 8/31/2020, & 3rd Level Review for Disciplinary Chrono 6/29/2021. 2/28/2021 sent GA-22 Request CDCR Secretary Allison for OVER-DUE grievancc(s) CCR 3084.8(c)(3) Third level Response shall be completed within 60 working days from date of receipt by the third level Appeals Chief. This [I]ssues denies Exhaustion of remedy & makes futile for 1st & 14th Amend., for 8th Amend. condition on-going Imminent Danger, for 1 Staff & shows why Civil Action required, Exhibit GM36.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Reprisal RVR Chrono 9/12/2020 & 3rd Level 6/29/2021. The Board of Prison Terms 11/16/2021 brought up Issue of Blocking Views, & Denied Parole. Group Class signers still suffering retaliations, & on-going Targeting plaintiff Dorm Pod 9 for Harassment, & Sleep deprived.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## CLAIM III

1. State the constitutional or other federal civil right that was violated: Denial of Fourteenth Amendment Equal Protection for racial harassment and Targeting Blacks, & No Due Process Hearing procedures

2. **Claim III.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

   ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
   ☒ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each** Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   2/4/2020 COMPLAINT on C/O Mercado, & 3/26/2020, Sec. D., Where he TARGETS African Americans/ Blacks for Stand-OFFs by getting into verbal confrontations when Inmates jump-up from Stadium Dome Lights ON, & gets into Combatant Fighting Stance & Challenges to physical altercations. As challenges Inmates in 9-4L, 4-4 & 4-6L. C/O **Mercado** targets Blacks mainly. Denied 1st Level 3/16/2020, & 2nd Level 5/25/2020 by SGt., A.W's, & CDW citing C/O Renteria who participates, as C/O's B.Davis, D.Gobel, & 3rd Level denied to deny Equal Protection. Group appeal 2/23/2020 for Lights OFF 10:00 to 6:00 am, & Removal C/O Mercado, at 602-A, section D., & F., lines 6-8 at III) C/O Mercado has 'Targeted' Group Signers for reprisal CCR 3084.1(d), & others by RVR's CDC 115's & fabricates Not Seeing Breathing, Living Moving, & Inmates found Guilty when others in Pods give AFFIDAVIT'S & they filed STAFF COMPLAINTS, & at Section A. bottom line, & Blacks African Americans targeted more severly for race hate., & Section D., at 3) Mercado confronts, & gives RVR's Inmates requesting Relief from TORTURE, & he targets mainly Blacks & Yet! any race requesting Relief., & 2nd & 3rd Level Decision 11/28/2021 denied Equal Protection.
   10/8/2020 filed grievance for FALSE Disciplinary by C/O Mercado, & 602-A, Sec. A., at 4) C/O Mercado violates Post Orders & Job to HARASS based on race, skin color, nationality, origin. Denied 3rd Level 6/29/2021 TIME EXPIRED to allow continual denial of Equal Protection.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Empowerment of Mexican Officer's that Title VII Civil Rights does not apply to them & they can prepare FALSE Rule Violations, Chrono's as plaintiffs to deny Parole, & use Lights as Sensory Deprivation to injury Eyes as Advanced Gloucoma worsten. Delayed 602 allowed to continue harm.

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes   ☐ No

   b. Did you submit a request for administrative relief on Claim III?     ☒ Yes   ☐ No

   c. Did you appeal your request for relief on Claim III to the highest level?     ☒ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

1) declaratory judgment defendants acts an practices violated plaintiff's rights. 2) Order RVR Chrono 9/11/2020 removed plaintiff C-File. 3) Order Bldg. 1, B-Fac. Dome Light & Pod Lights OFF 10:00 pm to 6:00 am. 4) C/O's Mercado, Renteria, Gobel, Davis removed working B-Fac. permanently, & not work 1st Watch any Fac. 5) C/O Mercado placed in non-contact position with prisoners until conclusion of case. 6) Order RVR's & Chrono's B-Fac. Bldg. 1 be vavated if proven C/O Mercado falsified RVR's & Chrono's, & Mercado removed working CDCR. 7) Plaintiff given Protection Order. 8) Enforcement Order for any above & Sanctions Staff 2 days non-compliance $500, & $1,000 a day at Camera viewing. 9) Attorney's fees & coast of suit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **March   9,  2022**
            DATE

                           SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

1 | David W. Wilson, K66474
CSATF-II/Corcoran, B1-9-2L
2 | P.O. Box 5248
Corcoran, CA 93212-5248
3 | In Pro Per Paralegal

4

5

6

        IN THE UNITED STATES DISTRICT COURT
7 |      FOR THE EASTERN DISTRICT OF CALIFORNIA

8 | DAVID W. WILSON,                                    No._____

9 |     Plaintiff,                         COMPLAINT FOR TEMPORARY AND
PERMANENT INJUNCTIVE RELIEF FOR
10 | v.                                                ON-GOING IMMINENT DANGER FOR
SENSORY DEPRIVATION' DOME
11 | GABINO MERCADO, Correctional Officer;             STADIUM LIGHTS ON UNTIL 11:30
CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY;      PM AND 24 HOUR NON-STOP
12 | B.DAVIS, A.RENTERIA, D.GOBEL, Correctional        ILLUMINATION 2 NIGHT LIGHTS
Officer(s); Sergeant(s) A.PALAFOX, G.BEARD,         DORM POD(S) AND RACIAL EXPLICIT
13 | B.TAYLOR; Lieutenant E.WILLIAMS; Associate        BIAS AND DISCRIMINATION FOR
Warden(s) S.SMITH, S.MARSH, E.SILVA (A);            HARASSMENT WHERE EQUAL
14 | Chief Deputy Warden(s) M.HACKER, THERESA          PROTECTION AND DUE PROCESS
CISNEROUS, S.SMITH (A); Appeals Coordinator(s)      DENIED AND REPRISALS TO APPEALS
15 | A.SHAW, J.ZAMORA; CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION, et al.,             42 U.S.C. §1983
16 |                                                   (Civil Rights Action)
    Defendants.
17

18 |     Plaintiff WILSON alleges as follows:

19 |     This is civil rights complaint for Temporary and Permanent Injunctive Relief for

20 | On-Going Imminent Danger for Sensory Deprivation' Dome Stadium Lights on Unitl 11:30

21 | PM and 24 Hour Non-Stop Illumination 2 Night Lights Dorm Pod(s) and Racial Explicit

22 | Bias and Discrimination for Harassment where Equal Protection and Due Process Denied.

23 | California Substance Abuse Treatment Facility (CSATF), B-Facility Staff, and (CDCR) by

24 | Director's third Level Reviews delayed. For C/O **Mercado** could continue physical and

25 | psychological suffering to harm the plaintiff  and 'Group Class,' by Sleep Deprivation

26 | and Eye Pain T O R T U R E Bldg. 1. Where upon February 4, 2020, C/O Mercado works Bldg.

27 | 1, he "leaves on DayRoom(s) three Sections each 4 DOME Stadium Bright Lights of 10

28 | to 14 Lights," until 12:00 a.m. where prior to "Lights went OFF at 10:00 p.m."

        1

1  Plaintiff & Prisoners many use Clothing [I]tems at 10:00 pm & go to Sleep, by using
2  Towels about half-way hanging off-bunks to Block Lights T O R T U R E, and many use
3  Pants, Coats, Sheets mostly two feet by Head to Block-Out, and 24 Hour Non-STOP
4  Illumination two (2) Night Lights in Dorm Pod(s) that cause No Sleep & Sleep
5  Deprivation if we Turn right or left, or laying on our backs Shines-in Eyes causing
6  some Eye Pain from unnatural conditions on-going imminent danger. Where upon 12:30 am
7  count C/O Mercado "Snatches Clothing [I]tems; gets in.Combatant Fighting Stance and
8  challenges prisoners & had physical altercations," & TARGETS African Americans/Black
9  prisoners mainly. This racial explicit bias and discrimination is hostile environment,
10 and Search Forms 'Not' given CCR 3287(a)(4) for [I]tems taken. Plaintiff filed 602
11 COMPLAINT C/O Mercado's REMOVAL, & received AFFIDAVIT of his behavior, after contacting
12 Mental & Medical of Advanced Glaucoma, & ('Circadian Rhythms') Non-STOP Lights cause
13 Not know Time, to Chief Mental Health & Supervisor, & Chief Medical Officer. Denied 2nd
14 & third Level withheld 15 months pas CCR 3084.8(c)(3), 60 working days. Plaintiff filed
15 'Group Class' grievance Two Night Lights Dorm Pods Turned OFF 10:00 pm to 6:00 am &
16 Removal C/O( G.Mercado, Partially Granted: two lights will be turned off upon dayroom
17 recall. lighting 'is not' sufficient to allow for inmates to sleep without disruption,
18 & 3rd Level withheld 17 months pass CCR 3084.8(c)(3), 60 days. C/O Mercado retaliated
19 "Shining Flashlight in plaintiff Eyes. Plaintiff filed COMPLAINT, 2nd & 3rd Level
20 denied & withheld 6 months pass CCR 3084.8(c)(3), 60 working days, & contacted Outside
21 Agencies. C/O Mercado fabricates FALSE Disciplinary, AS Blocking his view, as done to
22 numerous "Prisoners who filed COMPLAINTS." Plaintiff grievanced disciplinary, and
23 explained Third Level had violated First Amendment rights prior, allowed C/O Mercado to
24 continue TARGETING Plaintiff & Others, & 2nd & Third Level denied & withheld 7 months.
25 Plaintiff contacted GDCR Secretary for OVER-DUE grievances & on-going imminent danger.
26 On March 3, 2021, U.S.N.D., Court, No. WL 930454, ORDERED 5 prisons including CSATF to
27 have CAMERAS placed Bldg's, Yard & Staff for Armstrong Remedial Plan & ADA discrimination
28 & Cameras prove Only Bldg. 1 DOME Lights on until 11:30 pm & Not done Bldg's 2, 3.

## II. JURISDICTION

1. This is civil rights action under 42 U.S.C. §1983 to redress the deprivations under color of state law rights, privileges and immunities gyranteed by the First, Eighth, Fourteenth Amendment's of the United States Constitution.

2. This Court has jurisdiction over plaintiff's action for declaratory relief pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of civil Procedures.

3. Wenue is proper in the Eastern District of California under 28 U.S.C. §1391(b)(2) because of the issue's, claims, occured at CSATF.

## III. PARTIES

4. Plaintiff Wilson is incarcerated at all relevant times to this action a convicted prisoner incarcerated in the California Department of Corrections and Rehabilitation (herein after CDCR), at California Substance Abuse Treatment Facility (herein after (CSATF).

5. Defendant(s) Gabino Mercado, B.Davis, A.Renteria, D.Gobel, Correctional Officer's; A.Palafox, G.Beard, B.Taylor, Sergeant's; E.Williams, Lieutenant; S.Smith, S.Marsh, E.Silva (A); M.Hacker, Threresa Cisnerous, S.Smith (A), Chief Ceputy Warden's; A.Shaw, J.Zamora, 'All' are sued in their individual and official capacities.

6. Defendant(s) CSATF and CDCR at all revelant times is sued in official capacity.

## IV. FACTUAL ALLEGATIONS

7. February 4, 2020, C/O Mercado started working Bldg. 1, B-Facility, & 9:30 Shift Change, announces over P.A. System "No Tenting & Keeps 'All' Lights on to 10:30 pm," normally .OFF 10:00 pm, & at 12:00 am, anounces 'Im walking Remove Sheets. At 12;15 am C/O Mercado at plaintiffs Bed 9-2L, & Removed Towel hanging Halfway OFF Bunk to prevent Lights causing Eye Pressure that effects Advanced Glaucoma, & plaintiff Stated: You stated Remove Sheets, Not Towels that do not Block seeing breathing/moving. C/O Mercado states: Towels, all clothing, & tells to read title 15. Plaintiff replys · Read Penal Code 147 cruel & unusual punishment; 8th Amendment, & I will file to Court's.

3

1  8. February 5, 2020, **plaintiff** filed STAFF COMPLAINT, Exhibit's GM1, GM2, and
2  attached AFFIDAVIT GA-22, two Pod prisoner's, Exhibit GM3, & attached CDCR-22, 3/26/
3  2019 to Chief MentaL Health for ('Single-Cell') & ('Sensory Deprivation') T O R T U R E
4  <u>Non-STOP Lighting Nights</u>, Exhibit SATF(M)4, & Health Request, Exhibit SATF(M)13, 7/11/
5  2019 & with <u>Non-STOP Lighting at Night causing suprachiasmatic nucli SCNS circadian</u>
6  <u>rhythms to Not know TIME</u>, & Exhibit C(RN)10, to Psychiatric Supervisor, & Request
7  7/14/2019 Chief Medical Officer, Exhibit C(RN)7, for C/O G.Mercado Removal B1, B-Fac.
8  1st Watch, for above, & Advanced Glaucoma Pressure, CCR 3060 Means, #3061, #3391(a).
9  9.February 9, 2020, **plaintiff** sent Letter, Exhibit GM4, <u>Coleman</u> Attorney's of above
10  &·also sent Letter, CDCR OMBUDSMAN, Exhibit GM5, for intervention.
11  10. February 23, 2020, **plaintiff** Requested Warden for ASSIGNMENT NOTICE, Exhibit
12  GM11, and received NOTICE, on February 16, 2020, GM11a.
13  11. March 25, 2020, **plaintiff** received First Level Response, Exhibit's GM17, GM18,
14  Denied by Sgt. A.Palafox for Associate Warden, S.Marsh <u>Signing</u> for E.Silva, A.W.
15  (A)cting, citing Memo, Exhibit GM19, 3/30/2018, concerning Cells 'Not' Dorm(<u>s</u>), to
16  allow continual T O R T U R E of sensory Deprivation for Eighth Amendment violations.
17  12. March 26, 2020, **plaintiff** responded Exhibit's GM1, GM2, Sec's D., Sgt. Schaff
18  Interviewed 2/29/2020, & explained C/O G.Mercado in reprisal this 602, CCR 3084.1(d).
19  <u>Turns ON my Pod B-9 eight double Over-Head Florescence 'Lights' & Claim will Not Turn-</u>
20  <u>OFF</u> 2/5/2020, & 6 to 7 times since. And Sgt. A.Palafox second INTERVIEW 3/25/2020. Yet!
21  C/O Mercado, C/O B.Davis, & 1st Watch C/O's Cover-Up C/O's Office Door Completely and
22  Windows from C-Section from Lights in their eyes, & <u>if Medical Emergency they are</u>
23  <u>Asleep on·Duty & Ignore plea for Help!!!</u> violates ART-22, page 1, 19, at D. 11), page 24
24  & retaliation page 21, B. 2) is Now in Coordinated effort with other employees, B. 5),
25  where he has 3rd Watch C/O leaves on 4 to 6 Stadium DayRoom Lights after 9:50 pm to
26  10:10 pm Count until 1st Watch, & <u>C/O Mercado</u> " leaves On Until 12:20 am" & now all 1st·
27  Watch leaves on Stadium 'Lights' DayRoom until 11:45 pm. For coordinated effort, &
28  Inmate's put Up any Clothing, ect to Block-Out <u>Eye Sleep Deprivation, & violates</u>

4

1  ART-22, D. 2) Endangering self, fellow employees, 'inmates.' Where C/O Mercado comes
2  & Snatches anything Off Beds for Harassment purposes, ART-22 page 24, D. 16). Attached
3  pages 1, 19, 21, 22, 23, 24, 25, 26, 27, Exhibit's ED1, ED19, ED21, ED22, ED23, ED24,
4  ED25, ED26, ED27. Where he TARGETS African Americans/Blacks for Stand-OFFs by getting
5  into verbal confrontations when Inmate's jump-up from Stadium Dome Lights ON, & C/O
6  gets in Combatant Fighting Stance & challenges Inmate's to physical altercations by
7  telling to Step-Out in Rotunda Area with or without other Staff present. Also he
8  leaves No CCR 3287(a)(4) NOTICE for State or excess clothing. This has cause severe
9  anxiety & depression exacerbated by Sensory Deprivation, as Challanges Inmate's in 94L,
10 4-4,4-6,7-3 & 3L. As Letter & Response from OMBUDSMAN, Exhibit GM5a, 4/6/2020 received.
11 13. May 25, 2020, plaintiff received Second Level Response, Exhibit's GM20, GM21,
12 at FINDINGS: PARTIALLY GRANTED into Appeal inquiry. Which at SUMMARY, list C/O A.
13 Renteria who was Interviewed, & participated, & C/O D.Gobel coordinated with Mercado,
14 & CDW ((A)cting M.Hacker as Hiring Authority allowed continual First Amendment
15 retaliations, & Eighth Amendment conditions & denied Equal Protections of Fourteenth
16 Amendment, as C/O B.Davis also participated when back in Bldg. 1.
17 14. June 4, 2020, plaintiff responded to Second Level at, Exhibit's GM1, GM2, Sec's
18 F., 1) explained there was a coordinated effort to prevent reporting C/O Mercado's
19 conduct, ART-22, B. 2). As Request to Warden. For 5/30/2020, a Sgt. Taylor came to see
20 Inmate McKenzie on his COMPLAINT on Mercado 11:15 pm, & I witness at Rotunda Area
21 across from Sec. A, I was about 14 feet away Sec. C, GrillGate, & Sgt.attempted to
22 coerce Inmate Mckenzie to Drop Complaint. 3) After Sgt. Taylor finished. "I called to
23 C. GrillGate, & explained C/O Mercado had manufactured Rule Violation Reports (RVR's)
24 to Group 602 Inmate's & in reprisal CCR 3084.1(d) & to this 602, Where Inmate's have
25 Witnesses & AFFIDAVIT's & found Guilty, e.g. 'Coordinated Effort by Staff,' as Inmate
26 Bell, T38656, & Mercado had come on & TURNED-ON 4 Over-Head DAYROOM Lights & 3rd Watch
27 had on 'Only' 2 DayRoom Lights, & showed attached FACILITY "B" DAILY ACTIVITY SCHEDULE
28 2019 & the substantive predicate at (Dayroom Lighting), .the small (2 lights section of

5

1  dayroom lights will be on, "the large (8 lights section of dayroom lights 'will' be
2  off." & Inmates put up Clothing, anything to Block-Out 4 DayRoom Lights on until 12:30
3  am, & C/O Mercado comes up & Snatches & Stands menacing Over Inmate's to provoke
4  'incident,' CCR 3004(b). & the Sensory Deprivation was effecting Sleep. Sgt. Taylor
5  states: Thats procedure & put in Work-Order on Control Panel. Petitioner responded
6  there was nothing wrong when 3rd Watch left 2 DayRoom Lights on, & cited CCR 3000.5(c)
7  shall is mandatory, & Hewit; Wolf, supra. Sgt. Taylor stated: He's going with Mercado
8  to allow continual First Amendment retaliations, & Eighth Amendment conditions, and
9  denial of Equal Protection, & 6/4/2020 sent for third level review.

10   15. September 27, 2021, plaintiff received Third Level Decision, Exhibit GM22,
11  dated 9/15/2021., by D.Artis, Appeals Examiner, Office of Appeals, "15 months or 12
12  months Pass," CCR 3084.8(c). To delay Third Level Court access, & to allow C/O Mercado
13  continue his cruel and unusual punishment, by deliberate indifference for lighting
14  conditions, & to TARGET Plaintiff, Blacks for Harassment & FALSE disciplinary's.

15   16. February 7, 2020, plaintiff had gathered Signatures on 602-G's, Exhibit's GM6,
16  GM7, GM8, "24 Hour Non-STOP Lights 2 each Dorm Pods cause T O R T U R E from No or
17  Little Sleep deprived & effects School, Jobs, Vocational, & causing Physical &
18  Psychological harm & excerbating prior Eye problems. For prior 2/4/2020 Inmate's
19  Partial Cover bed area with Towels, ect, & C/O Removes & Confronts hostile. Request:
20  Two Lights Cut-Off from 10:00 p.m. until 6:00 a.m., & Stop using Job prompting
21  harassment.

22   17. February 23, 2020, plaintiff filed 'Group Class;' Grievance, Exhibit's GM9, GM10,
23  attaching 602-G's, GM6, GM7, GM8, & at GM10, Section A., bottom 5 lines. C/O Mercado
24  every night runs-up-to Beds & Snatches Towels, Sheets off Bunks causing Eye Shock &
25  mental Issues, & uses this for V-Pronging/Combant Stance & will Shine Lights in Eyes &
26  speaks to physical confrontations by hostility, violates CCR 3004(b) incite & provoke,
27  & Blacks African Americans targeted more severly for race hate, (c).

28   18. March 8, 2020, plaintiff sent Letter, Director of Internal Affairs, Exhibit GM14

for Removal of C/O G.Mercado.

19. March 23, 2020, plaintiff received Screening by Appeals, A.Shaw, Exhibit GM15, for GM9, GM10, Rejected as multiple issues. & Clarify one issue. Line-out second issue. Which petitioner complied to Bottom GM15. "On-going & proof why that [I]ssue must be addressed by Chief Appeal." And same day petitioner Requested OVER-DUE 602, pursuant CCR 3084.8(c)(2). To Warden, & coordinated effort to preventing, Exhibit GM16.

20. May 13, 2020, plaintiff received First Level Response, Exhibit's GM15a, GM15b, Denied by Sgt. G.Beard for Associate Warden, S.Smith to allow continual retaliations to First Amendment protected rights by C/O Mercado, & denial Equal Protections of Fourteenth Amendment, for Eighth Amendment condition.

21. May 14. 2020, plaintiff responded Exhibit's GM9, GM10, Sec's D., Dissatisfied for 1) INTERVIEW is ['Incorrect'] 3rd paragraph. you immediately responded with "CDCR uses terms Safety and Security to block the ability for Inmate's to seek their lawful rights." My exzact 'Words' were CDCR uses Safety & Security as a Panacea to deny Due Process. 2) 1st Level attached, Exhibit GM15c FACILITY "B" DAILY ACTIVITY SCHEDULE JULY 2019 by Captain M.Jones & A.W., A.Williams, has at 2200=10:00 pm Institutional count, night lights turned on after count clears. & at Dayroom Lighting Between hours of 0630-2145 the following standards of lighting 'will' be used, all pod day lights will be off, small pod night lights will be on, the small (2 lights) section of day room lights will be on, the large (8 lights) section of dayroom lights 'will' be off. This lighting 'may' be increased or decreased at the descretion of the Housing Officer with Supervisors approval, based on the amibient lighting conditions, or operational necessity. , . with (ARP), . . ., . 3) C/O Mercado & other C/O's violates above leaving on large 4 lights) section of dayroom lights BRIGHT PEAR Shaped, & denying, the small (2 lights) section of dayroom lights 'will' be on, DOME Shaped Low Lighting. This is done in reprisal CCR 3084.1(d). This 'Group 602,' & Lights On until 11:45 pm - 2:30 am, & Inmate's use any clothing, ect to block Sensory/SLEEP Deprivation 'partially' & C/O Mercado & others come up snatch when asleep & Mercado confronts in

7

1 | Combatance Stance, & gives RVR's Inmate's REQUESTING Relief from T O R T U R E, & he
2 | targets mainly Blacks & Yet! any race requesting Relief. 4) This was explained to Sgt.
3 | Beard, & 2 pod lights violates <u>Shepard v. Ault</u>, 982 F.Supp.643, 647-48 (N.D.Iowa 1997)
4 | cell illumination 24 hours a day 60-watt light bulb & prisoners forbidden to cover
5 | stated constitutional claim, lighting made sleep very difficult, so far removed
6 | natural conditions, supported psychological harm. Court noted "effectiveness sleep
7 | deprivation as <u>tool of torture</u> long recognized." & at 648 cites <u>Reck v. Pate</u>, 367 U.S.
8 | 433, 81 S.Ct.1541 (1961) recognizing deprivation of food & <u>sleep</u> as <u>unconstitutional</u>
9 | <u>punishment</u>. 5) The above DayRoom Lighting, has substantive language <u>Hewit v. Helms</u>,
10 | 459 U.S. 460, 10 S.Ct.864, 74 L.Ed. 675 (1983); <u>Wolf</u> 418 U.S. 539, 94 S.Ct.2963:
11 | liberty interest created by statute or reg. must use mandatory character requiring
12 | certain procedure Shall, 'Will' must be employed; May is permissive & light.
13 |    22. June 23, 2020, plaintiff received Second Level Response, Exhibit's GM15d,
14 | GM15e, by Lt. Nicholson for Warden, Sherman, & at <u>APPEAL RESPONSE:</u> <u>DAS was not being</u>
15 | <u>followed for proper lighting during the scheduled hours.</u> , . . .Lt. Nicholson found
16 | <u>lighting is not sufficient to allow inmates to sleep, without disruption.</u> GM15d, at
17 | GM15e, <u>The two lights will be turned off</u> upon dayroom recall. Not done by C/O Mercado
18 | & 1st Watch C/O's as Eight Amendment cruel and unusual punishment.
19 |    23. June 28, 2020, plaintiff responded, Exhibit's GM9, GM10, Sec's F., All staff
20 | were trained & will follow the DAS for housing lighting. Denied Staff <u>will·not turn</u>
21 | <u>off all lights.</u> The above is F A L S E by CDW, Threresa Cisnerous <u>signing</u> for Warden
22 | Stuart Sherman. For I) DAS 0630-2145 "all pod night lights will be on." These 2 Pod
23 | 'Lights remain on from 2145 to 0630.' This is (Sensory Deprivation) at 602, Section A.,
24 | II) C/O Gabino Mercado 1st Watch & others violate DAS "<u>the small (2 lights) section of</u>
25 | <u>dayroom lights will be off.</u>" This is confirmed at SLR Response: Lt. Nicholson, . . . .
26 | the DAS 'was not' being followed for proper lighting during the scheduled hours. Lt.
27 | <u>found lighting is 'not' sufficient to allow for inmates to sleep without disruption.</u>'
28 | III) C/O Mercado has '<u>Targeted</u>' <u>Group Signers</u> for reprisal CCR 3084.19d), & <u>others by</u>

1 | RVR's CDCR 115's & fabricates Not Seeing Breathing, Living Moving, & Inmate's found
2 | Guilty when others in Pods give AFFIDAVIT'S & they filed STAFF COMPLAINTS, & why
3 | PITCHES Motion required Superior Court or Court(s). IV) C/O Mercado walks in Pods
4 | "WITHOUT Face Mask pursuant COVID-19 requirements & C/O's 1st Watch 1 Bldg. & we are
5 | Quaratine 'Now.' V) C/O Mercado & 1st Watch C/O violate hereto attached DUTY STATEMENT
6 | Exhibit's CO, CO1, CO2, CO3, CO4, at pages 1, or disturbances in relative darkness or
7 | normal lighting, page 2, CO1 see in dim/bright light.situations, p. 4, CO3 Drug
8 | Testing for C/O Mercado's bizzare BEHAVIOR & mental & emotional condition, or mental
9 | condition that would interfer with full performance of duties. VI), .Second Level
10 | Review [I]nadequate Training for DAS. See Canton v. Harris, 488 U.S. 378,388, 109 S.
11 | Ct.1197, 103 L.Ed. 412 (1989) SYLLABUS 2.  (b) TRAINING as BASIS for Liability; Rhodes
12 | v. Chapman (1981) 542 U.S. 337,346. Which SLR allowed continual cruel & unusual
13 | punishment, Eighth Amendment for First Amendment rights violations, and denial of
14 | Equal Protections race based targeting, & sent third level 6/28/2022.

15 | 24. November 28, 2021, plaintiff received Third Level Decision, dated 11/1/2021,
16 | Exhibit GM23, "17 months or 14 months Pass," CCR 3084.8(c). To delay Third Level Court
17 | access, & to allow C/O Mercado to continue his cruel and unusual punishment, by
18 | deliberate indifference for lighting conditions, & to TARGET Petitioner, Blacks for
19 | Harassment & FALSE disciplinary's where coordinated effort to deny Due Process RVR's.

20 | 25. July 2, 2020, 12:35 am C/O Mercado walks past plaintiffs Bunk 9-2L checks other
21 | Bunks, & passing toward DayRoom "Shines FLASHLIGHT in my Eyes," & petitioner Looking
22 | at Him, & C/O Mercado states: Wilson your Walker is Blocking his view. 4-Wheeled
23 | Walker 1 feet away from Bed with Coat on it 'Not' blocking his view., & Mercado gives
24 | a WARNING. Petitioner Yells at C/O Mercado he's a Lie, & STOP Harassing for 'Group 602,
25 | & STAFF COMPLAINT. And filed STAFF COMPLAINT, Exhibit's GM25, GM26, C/O Mercado is
26 | using his job for Targeted HARASSMENT & to cause EYE PAIN & pressure to go up from
27 | Advanced Glaucoma, by 'Intentionally Shining FLASHLIGHT  in my Eyes,' to cause further
28 | Sleep Deprivation. C/O Mercado does Not WEAR COVID-19 Face Mask, & [I]ssues supra

1  herein, & attached 1858 Form, Exhibit GM27.

2    26. August 31, 2020, **plaintiff** received Second Level Response, Exhibit's GM28, GM29
3  as a 602 Form (03/20), Disapproved by Lt. E. Williams, for Chief Deputy Warden,
4  Theresa Cisnerous, Denied the Eighth Amendment conditions, & continual First Amendment
5  retaliations, & Denial of Equal Protections of Fourteenth Amendment.

6    27. September 1, 2020, **plaintiff** responded, Exhibit GM29, page 2, CDW, Cisnerous,
7  'Not' Warden Stuart Sherman, For Lt. E.Williams is House Negro & has to acquiesce &
8  genuflect to Mexican/Hispanic White Supermacy, & why 2/7/2020 - 2/11/2020 he came to
9  Bldg. 1, & told C/O Mercado to STOP Harassment, & has to go along with Racial
10 Harassment by C/O Mercado, as in Exhibit's GM9, GM10, Sec's D., & Targets Races other
11 than Mexican. On 8/20/2020, 11:30 pm C/O Mercado comes up to inmate Justin Harper,
12 BK8426, B1-14-7L, & grabs him & SLAMS Face first into Window Rotunda. Harper is White.
13 C/O Mercado has some problems that cause him to be <u>ALMOST Jumped</u> that Night & many
14 others, for (2) <u>he does Shine Lights intentional in my eyes & Others when No Sheets,</u>
15 <u>Towels, ect Blocking his view</u>, see 602- A, Exhibit GM2, Section D., 3/26/2020, line
16 19, herein. This racial discrimination causing disprate impact, by Hiring 'Only'
17 Latinos for Work & No African American C/O's, & therefore implicit bias is applied to
18 African American inmates. See <u>Johnson v. California</u>, 543 U.S. 499, 505 (2005) at 507,
19 509. And mailed for third level review.

20   28. March 15, 2021, **plaintiff** received Third Level Decision, dated: 12/1/2020,
21 Exhibit's GM29b, & GM29c, TIME EXPIRED. Yet! "<u>6 months or 3 months Pass</u>," CCR 3084.8
22 (c). To delay Third Level  Court access, & <u>Shall be completed with 60 working days</u>
23 <u>from date of receipt by third level Appeals Chief</u>. Creates New Rules for third level
24 decisions, & First Amendment violations, & Not meeting APA.

25   29. September 12, 2020, **plaintiff** had received Disciplinary by C/O Mercado, Exhibit
26 GM30, for Walker with Legal documents in it & coat 1 feet away from Bed. C/O Mercado
27 alleges Blocks his view: specifically upper torso and facial area. This is F A L S E.
28 document, & retaliation to Exhibit's GM25, GM26, COMPLAINT & prior grievance(s).

30. October 8, 2020, plaintiff filed grievance, Exhibit's GM31, GM32, for Removal of RVR Counseling 9/12/2020, & Removal C/O Mercado B1, B-Fac., for retaliations, & racial discrimination, AT GM32.

31. November 18, 2020, plaintiff received Second Level Response, Exhibit GM33, by S.Smith, Chief Deputy Warden (A)cting, to allow continual harassment to First Amendment, Eighth Amendment conditions, & denial of Equal Protections of Fourteenth Amendment, & with 602 Form (03/20), Exhibit GM34.

32. November 24, 2020, plaintiff responded Exhibit GM34, Side 1, & Side 2, GM35, & at GM34 Claim # On-Going Denial of Exhaustion of Remedy: Third Level is denying Exhaustion of Review for herein STAFF COMPLAINT, Exhibit's GM25, GM26, GM28, GM29, SATF-B-011682, & mailed 6/4/2020 to Chief Inmate Appeals Branch #SATF-B-01024. Also #B1424 'Group Class,' Third Level mailed 6/28/2020. Both against C/o G.Mercado. This violates CCR 3084.8(c)(3) Third level responses shall be completed within 60 working days from date of receipt by the third level Appeals Chief. This denial of Third Level Review allowed C/O Mercado to continue to TARGET Appellant & Others as described in 'This' 602. This violates First Amendment court access; Wright v. State of California (2004) 112 Cal.App.4th 659,677 (remedy for alleged delaying conducting third formal level review is "a writ of mandate Ordering [CDCR] to perform its duty by completing the review.") This shows State & Federal Court why intervention is required for C/O Mercado & Preliminary Injunction/TRO. For 602 SATF-B-11682. And at Side 2, GM35, S.Smith, CDW (A) for T.Cisnerous (A) Warden, Dissaproved, by Office of Grievance Appeals Coordinator's A.Shaw & J.Zamora, ect., for at III. REASONS AND DECISION, cites 9/9/2020 C/O Mercado reported he verbally warned you. This is more (F A L S E) Statements by C/O Mercado, & coordinated effort to prevent from reporting C/O Mercado's misconduct.    Therefore Grievance Appeals Coordinator's Shaw & Zamora, ect participated in First Amendment retaliations, & Eighth Amendment conditions, & denial of Fourteenth Amendment Equal Protection.

33. February 28, 2021, plaintiff sent GA-22 Request. Exhibit GM36, to CDCR Secretary

11

Kathleen Allison, for OVER-DUE 602 Appeal(s) herein supra, with Proof of Service, Exhibit GM37, signed by C/O, where Secretary failed to respond denying TIMELY Responses, and shows "making New Rules for third level responses," & denying First Amendment court access, and allowing Eighth Amendment conditions, & denial of Fourteenth Amendment Equal Protection.

34. June 29, 2021, plaintiff received Third Level Response, dated 2/1/2021, Exhibit GM39, "7 months or 4 months Pass," CCR 3084.8(c). To delay Third level Court access, & to allow C/O Mercado to continue his cruel and unusual punishment, by deliberate indifference for lighting conditions, & to TARGET Petitioner, Blacks for Harassment & FALSE disciplinary's where due process was denied for coordinated effort.

35. March 8, 2021, prisoner Ray Young, V-23164. filed STAFF COMPLAINT against C/O Marcedo, for Assaulted by Jacket Buttons when Mercado snatched off end of Bunk, Exhibit RY, RY1.

36. CDCR and Third Level Appeals Chief has failed to respond to third level reviews for herein grievance(s) to subvert Article 8, CCR, title 15 3084.8(c)(3). And done to prevent CSATF, & C/O G.Mercado, & Supervisor's to comply with requirements preventing 24 Hour Non-STOP 'Illumination,' two (2) Night Lights in Dorm Pod(s) causing Sleep Deprivation & T O R T U R E, where C/O Mercado & other 1st Watch C/O's leave on 4-5 DOME Stadium Lights until 11:45 pm, & First, Eighth, Fourteenth Amendment violations.

37. December 2021, CSATF implemented ARMSTRONG Court ORDER, Exhibit's CW, CW3  SATF 1 of 5 prisons where CAMERAS in Bldg's, Yard s & Staff. Will Show B-Fac. Bldg. 1 only has DOME Lights on unitl 11:30 pm, & Not done Bldg's 2, 3, for ADA reprisals petitioner.

38'. February 28, 2022, plaintiff sent Letter, Exhibit 42, OFFICE OF INTERNAL AFFAIRS, for investigation of above for CCR 3484.(a)(1)(2). For Office of Grievance (OOG) third level Review 'Failed,' to reference to OIA Complaint's C/O Mercado.

## V. LEGAL CLAIMS

### FIRST CAUSE OF ACTION

(Cruel and Unusual Punishment-Deliberate Indifference Non Stop Illumination Dorm Pods)

12

39. Defendant's have violated plaintiff's rights to have intentionally inflicted severe physical & mental pain & suffering against plaintiff for the purpose of violating Eighth Amendment rights by their deliberate indifference to sensory light deprivation, and being aware of the inhumane conditions plaintiff and others similarly situated exposed to for over 2 years, as described in paragraph's 7. thru 13., and 16. thru 24., and 25. thru 28., and 36. supra.

## SECOND CAUSE OF ACTION

### (First Amendment Retaliation)

40. Defendant's have violated plaintiff's First Amendment rights in that his speech was repressed for exercising and engaging in legal paralegal/jailhouse lawyer activities, and were not for any illegal purpose whatsoever. This retaliatory action did not advance legitimate penological goals and was taylored narrowly enough to prevent from acheieving any constructive goals.

## THIRD CAUSE OF ACTION

### (Fourteenth Amendment Equal Protection and Eighth Amendment Conditions)

41. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this complaint. Defendants have violated plaintiff and others similarly situated guaranteed rights by Fourteenth Amendment's to U.S. Constitution for access adequate shelter, that does now threaten mental & physical well being, without facing denial of protected rights for third level reviews, by delaying appeals process responding in time constraints, and non-compliance with its own rules, that are not reasonably related to any legitimate penological interest where race punishment and torture is the primary force for conditions.

## FOURTH CAUSE OF ACTION

### (Federal Equal Protection Clause)

42. Defendants have denied plaintiff and others equal protection of the law as guaranteed by the Fourteenth Amendment of the U.S. Constitution by intentionally discriminating against him and others similarly situated based on race, skin color and

13

1 national origin.

2 43. Defendants have discriminated against plaintiff based on his membership in a
3 racial group in violation of the International Convention on the Elimination of All
4 forms of Racial Discrimination, which entered into force in the United States on
5 November 20, 1994.

6 ## FIFTH CAUSE OF ACTION

7 (State Equal Protection Clause)

8 44. Defendants have violated and denied plaintiff equal protection of the law as
9 guranteed by Article 1, section 7 of the California Constitution by intentionally
10 discriminating against him and others similarly situated based on his membership in
11 suspect class.

12 ## SIXTH CAUSE OF ACTION

13 45. Supervisory defendants have a duty to establish policies and procedures for the
14 administration of CSATF-II. Staff of supervisory defendants have a duty to perform an
15 execute their duties in a manner consistent with state & federal law. Supervisory
16 defendants have a duty to train and supervise subordinates employees. Supervisory
17 defendants were deliberatly indifferent to the violations of plaintiff's rights
18 described herein.

19 46. Supervisory defendants breached their duties to legally admister the prison, and
20 train and supervise subordinates where plaintiff's rights were violated as, result of
21 enforcement of allowing intentional Torture of Dome Lights on at times not applied to
22 buildings other than Building 1, B-Facility, and 24 Hour Non-Stop illumination, that
23 does not meet evolving standards of decency that mark a maturing society, and
24 sensory light deprivation, and as result of defendants acting in violation of
25 defendants policies, customs, and practices, to the extent supervisory defendants have
26 created a atypical significant hardship for on-going imminent danger, where
27 supervisory defendant's had actual and constructive knowledge of on-going violations
28 and did nothing to prevent or correct them.

14

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff respectfully prays for the following:

1) A declaratory judgment that the defendants acts an practices described herein violated plaintiff's rights herein stated.

2) Order RVR Counseling Chrono 9/11/2020 removed from plaintiff Wilson's CDC File.

3) Order CSATF shall turn-off Large Dayroom Dome Lights from 10:00 pm to 6:00 am at low level; (a) shall turn-off Pod Dom two Night Lights from 10:00 pm to 6:00 am Building 1, B-Facility.

4) C/O Gabino Mercado, A.Renteria, D. Gobel, B.Davis be removed from working B-Fac. permanently; (b) shall not work first watch any facility CSATF, and placed in all watch offices.

5) C/O Gabino Mercado shall be placed in non-contact position with prisoners at CSATF until conclusion of court case's.

6) Order all RVR's and Counseling Chrono's B-Facility Building 1 shall be vacated if proven C/O G.Mercado has falsified RVR's and Chrono's for Penal Code's of False documents and Peace Officer Perjury, §134, §118.1, and (c) C/O Mercado shall be removed from working CDCR.

7) Plaintiff shall be given Protection Order for all personal property, law books, legal papers, appliances & medical, for fabricated Note, Threat, or staff manufactured Enemy, Informant, weapon planted, contraband, drugs in bunk, or staff concocted risk to place in segregation/ASU; (d) Any an all alleged enemies, informants, staff involved shall be brougt before Judge for In Camera Interview, to determine if enemies (e) All enemies/informants shall be placed in ASU until adjudication and sent to Pelican Bay State Prison; (f) If plaintiff placed in ASU shall be given electrial outlet for C-PAP, & given typewriter & 6 ribbons & line-outs, & TV & Cable, with all vitamins, minerals, bone building supplements.

8) Enforcement ORDER be issued for CSATF to comply with any sections of 2) to 7), and any non-compliance over 2 days, including Camers Viewing, that $500 a day be

15

1  Sanctions against C/O's and Sergeant's, Lieutenant's, Captain, A.W's, Warden, and any
2  continued non-compliance over 5 days Sanctioned $1,000 a day at Camera viewing; (g)
3  Sanctions shall be placed in plaintiff's trust account without any holds, copayment
4  fees not applied to plaintiff.

5  9) For reasonable attorney's fees and coast of suit, including expert fees, pursuant
6  to 42 U.S.C. §§12205, §29 U.S.C. §2617(a)(3), Cal. Civil Code §§51(a), 54 3(a), 55
7  Cal. Code of Civil Procedures §1021.5, and other laws.

8  10) For such other and further relief the Court deems just and proper.

9  Dated: March 9 , 2022.

Respectfully submitted

_David W. Wilson_
David W. Wilson
Plaintiff

## DEMAND FOR JURY TRIAL

13  Plaintiff David W. Wilson hereby demand Trial by jury.

14  Dated March 9, 2022.

## VERIFICATION

16  I David W. Wilson, state:

17  I am the Plaintiff for Complaintfor Temporary and Permanent Injunctive Relie for
18  On-Going Imminent Danger for Sensory Deprivation' Dome Stadium Lights On Until 11:30
19  PM and 24 Hour Non-Stop Illumination 2 Night Lights Dorm Pod(s) and Racial Explicit
20  Bias and Discrimination for Harassment where Equal Protection and Due Process Denied
21  and Reprisals to Appeals, and the facts therein are true of my own knowledge, except
22  as to those matters that are therein stated on my own information and belief, and as
23  to those matters I believe them to be true and correct, and that this Declaration was
24  executed at California Substance Abuse Treatment Facility at Corcoran State Prison,
25  this day,

26  March 9, 2022.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON

v.

GABINO MERCADO, Correctional Officer;
CALIF. SUBSTANCE ABUSE TREATMENT FAC.;
CA DEPT. OF CORRECTIONS AND REHAB., et al.,

Case Number:

PROOF OF SERVICE

I hereby certify that on     March  9, 2022            , I served a copy
of the attached   COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF FOR ON-
GOING IMMINENT DANGER FOR SENSORY DEPRIVATION  DOME STADIUM LIGHTS
LIGHTS ON UNTIL 11:30 PM AND 24 HOUR NON-STOP ILLUMINATION 2 NIGHT
LIGHTS DORM POD(S) ANDN RACIAL EXPLICIT BIAS AND DISCRIMINATION FOR
HARASSMENT WHERE EQUAL PROTECTION AND DUE PROCESS DENIED AND REPRISALS
by placing a copy TO APPEALS;  MOTION FOR TEMPORARY AND PERMANENT INJUNCTION

listed, by depositing said envelope in the United States Mail at

CA Substance Abuse Treatment Facility :

| (List Name and Address of Each Defendant or Attorney Served) | CDCR Secretary, Kathleen Allison Attn:, Litigation Coordinator 1515 'S' Street, P.O. Box 942883 Sacramento, CA 94283-0001 |
| --- | --- |
| E-File →  UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA CLERK OF COURT 2500 Tulare Street Fresno, CA 93721 | S. Smith, Captain, B-Facility California Substance Abuse Treatment Facility 900 Quebec Avenue Corcoran, CA 93212 |
| Docs →  OFFICE OF THE ATTORNEY GENERAL Janine W. Boomer, Deputy A.G. 1300 'I' Street, Suite 125 P.O. Box 944255, Sacramento, CA 94244-2550 | SWANSON & MCNAMARA, Attorney's, LLP Audrey Barron, Attorney 300 Montgomery Street, Suite 1100 San Francisco,1 CA 94104 |
|  | THERESA CISNEROUS, Warden California Substance Abuse Treatment Facility 900 Quebec Avenue Corcoran, CA 93212 |

I declare under penalty of perjury that the foregoing is true and correct.

_(Signature)_

(Signature of Person Completing Service)