UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>GABINO MERCADO, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00278-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS<br><br>(ECF No. 2) |

    Plaintiff David Wayne Wilson is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the instant action on March 8, 2022, along with a motion to proceed in forma pauperis. For the reasons explained below, Plaintiff's motion shall be granted.

**I.**

**DISCUSSION**

    The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event

1

shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following United States District Court cases: (1) Wilson v. Tilton, Case No. 2:06-cv-01031-LKK-PAN (E.D. Cal.) (dismissed on September 12, 2006 for failure to state a claim); (2) Wilson v. Schwarz, Case No. 2:05-cv-01649-GEB-CMK (E.D. Cal.) (dismissed on October 31, 2006 for failure to state a claim); (3) Wilson v. Dovey, Case No. 2:06-cv-01032-FCD-EFB (E.D. Cal.) (dismissed on March 8, 2007 for failure to state a claim); (4) Wilson v. Veal, Case No. 2:06-cv-00068-FCD-KJM (E.D. Cal.) (dismissed on June 4, 2007 for failure to state a claim).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on March 8, 2022. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055. Here, Plaintiff contends that he is being subjected to constant nonstop illumination which has resulted in sleep deprivation, advance glaucoma, weight gain, difficulty in school, and psychological problems. Liberally construed, Plaintiff's allegations are sufficient to demonstrate imminent danger of serious physical injury exception under § 1915(g). See, e.g., Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) (constant illumination interfering with sleep, with no legitimate penological interest, states a cognizable Eighth Amendment claim); Andrews v. Cervantes, 493 F.3d 1047, 1055, 1056-1057 (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the

imminence prong of the three-strikes exception."). Accordingly, Plaintiff shall be granted in forma pauperis status. However, Plaintiff is obligated to make monthly payments in the amount of twenty percent of the proceeding month's income credited to Plaintiff's trust account. The California Department of Corrections and Rehabilitation is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

In accordance with the above and good cause appearing therefore, it is HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is GRANTED;
2. The Director of the California Department of Corrections and Rehabilitation or his designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and case number assigned to this action.
3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on the Director of the California Department of Corrections and Rehabilitations, via the court's electronic case filing system (CM/ECF).
4. The Clerk of Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

///
///
///
///

5. Within sixty (60) days of the date of service of this order, Plaintiff shall submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, if Plaintiff has not already done so.

IT IS SO ORDERED.

Dated: **March 10, 2022**

UNITED STATES MAGISTRATE JUDGE