UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>   Plaintiff,<br><br>   v.<br><br>GABINO MERCADO, et al.,<br><br>   Defendants. | Case No.: 1:22-cv-00278-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF Nos. 3, 4) |

Plaintiff David Wayne Wilson is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed March 8, 2022.

**I.**

**LEGAL STANDARD**

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party serve must appear to defend."). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in

1    general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599

2    F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the

3    viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield,

4    599 F.3d at 969.

5          A temporary restraining order is an extraordinary measure of relief that a federal court may

6    impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party

7    "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant

8    before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

9          The standard for issuing a temporary restraining order is essentially the same as that for issuing

10   a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th

11   Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially

12   identical").

13         "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.

14   Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a

15   preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

16   suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

17   favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may

18   only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

19   "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to

20   obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th

21   Cir. 2011).

22         Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison

23   Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,

24   extends no further than necessary to correct the violation of the Federal right, and is the least intrusive

25   means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places

26   significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section

27   3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to

28   protect the bargaining power of prison administrators – no longer may courts grant or approve relief

that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

## II.

## DISCUSSION

In his motion, Plaintiff requests a court order to direct that officers reduce the lighting from 10:00 p.m. to 6:00 a.m.

As an initial matter, Plaintiff's case is in the preliminary screening stage, and the United States Marshal has yet to effect service on any Defendant, and Defendants have no actual notice.  Therefore, the Court has no personal jurisdiction over any Defendant at this time.  Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983).  In addition, the Court cannot determine whether there is any likelihood of success on the merits of Plaintiff's claims.  Moreover, Plaintiff has failed to demonstrate that he will suffer irreparable harm should an injunction not be issued.  While Plaintiff sates that the lighting conditions have caused his glaucoma to worsen, difficulty sleeping, and physical and psychological harm, he fails to submit any evidence in support of these allegations. Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (ECF Nos. 3, 4), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may

///

///

///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 22, 2022**

UNITED STATES MAGISTRATE JUDGE