# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GABINO MERCADO, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00278-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION BE DENIED<br><br>(ECF No. 28) |

Plaintiff David Wayne Wilson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for class certification, August 31, 2022.

## I.

## BACKGROUND

This action is proceeding on Plaintiff's unconstitutional conditions of confinement claim against Defendants Mercado and Taylor and Plaintiff's retaliation claim against Defendant Mercado.

On August 30, 2022, the Court granted Defendants' request to extend the time to file a responsive pleading which is currently due on or before December 5, 2022. (ECF No. 27.)

As previously stated, Plaintiff seeks class certification of this action. (ECF No. 28.)

///

///

## II.

## DISCUSSION

District courts in this circuit can provisionally certify a class for the purposes of a preliminary injunction. See Al Otro Lado v. Wolf, 952 F.3d 999, 1005 n.4 (9th Cir. 2020) (noting that the Ninth Circuit has "approved provisional class certification for purposes of preliminary injunction proceedings") (citing Meyer v. Portfolio Recovery Assocs., *LLC*, 707 F.3d 1036, 1041– 143 (9th Cir. 2012) (concluding that "the district court acted within its discretion when it ruled that [plaintiff] met the commonality, typicality, and adequacy requirements of [Federal Rule of Civil Procedure] 23(a) and did not abuse its discretion by granting provisional class certification.").

Pursuant to Federal Rule of Civil Procedure 23, a party seeking class certification must establish the following prerequisites: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

If these four prerequisites—commonly referred to as numerosity, commonality, typicality, and adequacy—are satisfied, then the party seeking class certification must also satisfy one of the three subsections of Rule 23(b). Here, Plaintiff seeks class certification under Rule 23(b)(2), which requires a showing that Defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)).

The party seeking class certification bears the burden of establishing conformity with these requirements and must do so by producing facts that "affirmatively demonstrate" that certification is warranted. Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013) (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011)). Only after it has conducted a "rigorous analysis" of these facts and determined that they show "actual, not presumed, conformance" with Rule 23(a) and (b), may a district court certify a class. Ellis v. Costco Wholesale Corp., 657

F.3d 970, 981 (9th Cir. 2011) (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160, 161 (1982)); see also Comcast, 569 U.S. at 33–34 (extending the "rigorous analysis" requirement to Rule 23(b)); Patel v. Nike Retail Servs., Inc., 14-cv-4781-RS, 2016 WL 1241777, at *3 (N.D. Cal. Mar. 29, 2016) ("This 'rigorous' analysis applies both to Rule 23(a) and Rule 23(b)."). A court must review the merits of a party's substantive claim only if they overlap with issues touching on class certification. Ellis, 657 F.3d at 981 (citing Wal-Mart Stores Inc., v. Dukes, 564 U.S. 338, 350–51 (2011)); Amgen Inc. v. Conn. Ret. Plans & Tr. Funds, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.

Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."). "The decision to grant or deny class certification is within the trial court's discretion." Bateman v. Am. Multi-Cinema, Inc., 623 F.3d 708, 712 (9th Cir. 2010) (citing Yamamoto v. Omiya, 564 F.2d 1319, 1325 (9th Cir. 1977)). If a court does decide to certify a class, it must define the class claims and issues and appoint class counsel. Fed. R. Civ. P. 23(c)(1). Finally, "[w]hen appropriate, a class may be divided into subclasses that are each treated as a class under this rule." Fed. R. Civ. P. 23(c)(5).

One of the prerequisites for a class action is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A class action may not be certified where the representative parties are without counsel. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); see also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (while a non-attorney may represent himself, he has no authority to appear as an attorney for others); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit a prisoner proceeding pro se to represent fellow prisoner in a class action). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-

standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983).

Here, Plaintiff is proceeding pro se and this case therefore cannot be certified as a class action unless counsel is appointed.  It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, Plaintiff has not shown that any of the prospective co-plaintiffs can "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). A plaintiff's privilege to appear *in* propria persona is a "privilege ... personal to him. He has no authority to appear as an attorney for others than himself." McShane v. U.S., 366 F.2d 286, 288 (9th Cir. 1966), citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953). The Court declines to appoint counsel and certify a class because Plaintiff has not shown that the four prerequisites to a class action under Rule 23(a) of the Federal Rules of Civil Procedure, that is, numerosity, typicality, commonality, and adequacy of representation, are met in this case.  Plaintiff's motion for class certification should  therefore be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for class certification, filed on August 31, 2022, be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 1, 2022**

UNITED STATES MAGISTRATE JUDGE