# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>  Plaintiff,<br><br>  v.<br><br>GABINO MERCADO, et al.,<br><br>  Defendants. | Case No. 1:22-cv-00278-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER BE DENIED<br><br>(ECF No. 42) |

Plaintiff David Wayne Wilson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a protective order, filed March 3, 2023. Plaintiff seeks an order granting him access to all his property and single cell status. (ECF No. 42.) The Court construes Plaintiff's motion as a request for a preliminary injunction.

## I.

## DISCUSSION

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point

being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's motion does not meet the standards necessary for issuance of a preliminary injunction. This action is proceeding on Plaintiff's unconstitutional conditions of confinement claim against Defendants Mercado and Taylor and Plaintiff's retaliation claim against Defendant Mercado. Plaintiff has failed to show either a likelihood of success on the merits and the possibility of irreparable injury. (ECF No. 42). Nor has Plaintiff raised serious questions to show that the balance of hardships Plaintiff is experiencing sharply tip in his favor. (Id.) Rather, Plaintiff seeks access to his property and single cell status. However, Plaintiff has failed identify particular Defendants or particular upcoming events that could lead to irreparable injury to him. Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction, filed on March 3, 2023 (ECF No. 42) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler,

772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 6, 2023**

UNITED STATES MAGISTRATE JUDGE